STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-1647


STATE OF LOUISIANA

VERSUS

DUSTIN MATHEW BURNAMAN


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 267,882
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

**********

**OSWALD A. DECUIR**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy Howard Ezell,
Judges.


**REVERSED AND REMANDED.**


**James C. Downs**
**District Attorney**
**9th Judicial District**
**P.O. Drawer 1472**
**Alexandria, LA 71309**
**(318) 473-6650**
**Counsel for Plaintiff/Appellee:**
    **State of Louisiana**

**George L. Higgins, III**
**Attorney at Law**
**P. O. Box 3370**
**Pineville, LA 71360-3370**
**(318) 473-4250**
**Counsel for Defendant/Appellant:**
      **Dustin Mathew Burnaman**

**Charles E. Johnson, Jr.**
**Assistant District Attorney**
**P.O. Drawer 1472**
**Alexandria, LA 71309**
**(318) 473-6650**
**Counsel for Plaintiff/Appellee:**
      **State of Louisiana**

**Dustin Mathew Burnaman**
**R.P.D.C.**
**P. O. Box 1551**
**Alexandria, LA 71309**

**DECUIR, Judge.**

The Defendant, Dustin Mathew Burnaman, was charged by a bill of information with assault by drive-by shooting in violation of La.R.S. 14:37.1 and with aggravated criminal damage to property in violation of La.R.S. 14:55. The Defendant entered a guilty plea pursuant to a plea bargain with the State wherein the State reduced the charges to aggravated assault with a firearm in violation of La.R.S. 14:37.4 and simple criminal damage to property in violation of La.R.S. 14:56. The trial court sentenced the Defendant to five years at hard labor on the count of aggravated assault with a firearm and two years at hard labor on the count of simple criminal damage to property with the sentences to run concurrently. The Defendant also agreed to pay $10,000.00 to the victims in restitution.

The Defendant then filed a motion to reconsider sentence, which was denied. He is now before this court alleging as his sole assignment of error the excessiveness of his sentence.

**FACTS:**

On October 10, 2002, the Defendant discharged a firearm from a motor vehicle upon a public street or highway. The Defendant and the driver of the motor vehicle were consuming alcohol at the time of the offenses. The victims' house was damaged when shots from the firearm pierced the walls of their home. At sentencing, the court noted the Defendant admitted his wrongdoing and the record reflects his remorse. Nonetheless, the Defendant was sentenced to the maximum term of imprisonment on both counts, primarily as a deterrent to others.

**ASSIGNMENT OF ERROR:**

The Defendant alleges that the trial court erred in imposing an excessive sentence. In his Motion to Reconsider, the Defendant alleged only that his sentence was excessive; he did not assert any specific grounds of excessiveness. Consequently,

upon appellate review, the Defendant is relegated to a bare excessive sentence review. *State v. Mims*, 619 So.2d 1059 (La.1993).

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

When sentencing the Defendant, the trial court stated:

2

I have looked at the sentencing guidelines under Article 894.1 and it says the Court should impose a sentence of imprisonment if any of the following occurs: There is an undue risk during the period of suspended sentence or probation that the defendant will commit a crime. I don't think that there is an undue risk. I would think that is in your favor right now. Number 2, the defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution. I don't think that would be appropriate either. I think that the problem could be solved by a parish prison sentence, probation, and you being in drug treatment. But the third one is the one that I find is appropriate. A lesser sentence would deprecate the seriousness of the defendant's crime. And the seriousness of your crime is that you shot into a house that was occupied by a man and his children, which in effect has terrorized them, and will terrorize them for quite some time.

. . . .

All right Mr. Burnaman, the problem that I have is that I don't think that your behavior would be likely to recur. I think there are things that I could do to make sure that didn't happen and to keep a tight leash on you. And so that would indicate that I wouldn't have to put you in prison to change your behavior. But if I don't give you a sentence that is serious, what does that say to the other people out there that want to go out there and do the same thing and shoot in people's houses. If I gave you probation then everybody could go out and shoot up people's houses and come to me and say, "Well, you have to give me probation, because you did the same thing to Dustin Burnaman." And so one of the sentences – one of the things I have to consider in sentencing is what Judge Foote calls the "R.S.V.P.". The rehabilitation, I think we can do that. The question is what is it that society would expect, and that is general deterrents. We have to send some kind of signal out when someone commits a crime about general deterrents; that you are not supposed to do these things, because if you do, this is going to happen.

. . . .

Punishment. Specific deterrents. What is it that I have to do to make you not do this again. And I don't think that I have to do anything to you. I could put you on probation, or I could give you a parish prison sentence and put you on probation, to deter you from doing this in the future. I don't think that Dustin is going to be doing this anymore. I think Dustin has learned from it. But the problem is general deterrents. If there is not a serious sentence, then how are we going to deter people from doing this kind of conduct in the future.

The trial court then sentenced the Defendant, a first felony offender, to the maximum sentence on each count.

3

In *State v. Young*, 532 So.2d 301, 303 (La.App. 3 Cir. 1988), *writs denied*, 538 So.2d 588, 589 (La.1989), this court stated:

> Despite a trial court's meticulous compliance with the provisions of La.C.Cr.P. art. 894.1, an appellate court may nonetheless determine that a sentence is excessive if convinced, after granting due deference to the wide discretion allowed the trial judge in such cases, that the sentence imposed is grossly out of proportion to the severity of the crime. In reviewing a claim of excessiveness, the court should consider the crime committed; the particular circumstances surrounding the commission of the crime; and, the offender's personal history (age, family ties, marital status, health, employment record), prior criminal record and the likelihood of recidivism or rehabilitation. If, after review, the appellate court concludes that the sentence imposed constitutes a clear abuse of the sentencing judge's discretion such as to shock its sense of justice, the sentence should be set aside and the matter remanded for resentencing.

In the case at bar, the trial court noted as a mitigating factor that the Defendant's criminal conduct was the result of circumstances unlikely to recur. La.Code Crim.P. art. 894.1(29). The trial court also noted as a mitigating factor that the Defendant was particularly likely to respond to probationary treatment. La.Code Crim.P. art. 894.1(30).

The trial court noted several times that a hard labor sentence was not necessary to deter the Defendant from committing another crime. The trial court specifically stated that the Defendant had learned his lesson and that a parish prison or suspended sentence would be appropriate for this Defendant.

In *Smith*, 846 So.2d at 789, we held: "[I]t is well settled that sentences must be individualized to the particular offender and to the particular offense committed," citing *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). After reviewing the record in this case, we conclude the sentencing judge did not sufficiently tailor the sentence to this particular Defendant. In sentencing the Defendant to the maximum sentence in an attempt to deter others from engaging in the same type of conduct, the trial court abused its discretion. The trial court specifically stated that the Defendant would

4

benefit from a parish prison sentence or even probation, yet a much more severe punishment was imposed. The sentences were not individualized to this Defendant; rather, the Defendant was sentenced to the maximum term of imprisonment at hard labor specifically so that he could be an example to the public, a deterrence to others who may be inclined to ride around drunk with a firearm in their vehicles.

Additionally, maximum sentences are usually reserved for the most egregious and blameworthy of offenders. *State v. LeBlanc*, 578 So.2d 1036 (La.App. 3 Cir. 1991), *writ denied*, 620 So.2d 833 (La.1993). In reviewing the imposition of a maximum sentence, the First Circuit has held:

> This Court has stated that maximum sentences permitted under statute may be imposed only for the most serious offenses and the worst offenders, *State v. Easley*, 432 So.2d 910, 914 (La.App. 1 Cir. 1983), or when the offender poses an unusual risk to the public safety due to his past conduct of repeated criminality. See *State v. Chaney*, 537 So.2d 313, 318 (La.App. 1 Cir. 1988), *writ denied*, 541 So.2d 870 (La.1989). A trial court's reasons for imposing sentence, as required by La.Code Crim. P. art. 894.1, are an important aid to this court when reviewing a sentence alleged to be excessive. *State v. McKnight*, 98-1790 at p. 25, 739 So.2d at 359.

*State v. Hilton*, 99-1239, p. 16 (La.App. 1 Cir. 3/31/00), 764 So.2d 1027, 1037, *writ denied*, 00-958 (La. 3/9/01), 786 So.2d 113.

We find the trial court did not individualize the sentence to this particular Defendant, and in imposing sentences greater than was necessary to rehabilitate and punish the Defendant, the trial court abused its discretion. Thus, we reverse the Defendant's sentences and remand the case for re-sentencing.

**REVERSED AND REMANDED.**