# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 07-276

STATE OF LOUISIANA

V.

KEVIN D. ROGERS

************

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-703-04
HONORABLE HERMAN I. STEWART, JR., DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED.**

David W. Burton
District Attorney - 36th Judicial District
Post Office Box 99
DeRidder, Louisiana 70634
(337) 463-5578
COUNSEL FOR APPELLEE:
    State of Louisiana

**Laura M. Pavy**
**Louisiana Appellate Project**
**Post Office Box 750602**
**New Orleans, Louisiana 70175-0602**
**(504) 833-2910**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Kevin D. Rogers**

**Laura M. Pavy**
**Louisiana Appellate Project**
**Post Office Box 750602**
**New Orleans, Louisiana 70175-0602**
**(504) 833-2910**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Kevin D. Rogers**

**GENOVESE, Judge.**

Defendant, Kevin D. Rogers, was charged by amended bill of information on July 24, 2006 with one count of negligent homicide, a violation of La.R.S. 14:32, and one count of hit-and-run driving, a violation of La.R.S. 14:100. In accordance with his plea agreement, Defendant pled guilty to the one count of negligent homicide on October 16, 2006. In exchange for his guilty plea to negligent homicide, the State dismissed the charge of hit-and-run driving. Defendant was sentenced to imprisonment of three and one-half years at hard labor with credit for time served. He was also ordered to pay a fine of one thousand dollars, plus cost of court.

Defendant filed a motion to reconsider the sentence, alleging that the sentence was excessive under the circumstances of the case. The trial court denied Defendant's motion to reconsider, without written reasons, on December 22, 2006. Defendant has perfected a timely appeal, asserting that the sentence of three and one-half years imprisonment is excessive.

## FACTS:

Defendant pled guilty to the charge of negligent homicide. It is noted that at the guilty plea hearing, the trial court did not state the facts of the case. The following facts are taken from the trial court's written reasons for sentencing.

The victim in this case died as result of a single car accident. Late in the evening, Defendant was driving the victim and her young son home. An accident reconstructionist calculated the car was traveling at a speed of ninety miles an hour when it left the roadway and struck a tree. The victim's body was burned beyond recognition. Defendant and the boy survived without serious injury. Defendant took the boy and hitchhiked to his grandmother's house, where he left him on the front porch. Defendant then went home and did not report the accident.

1

**ASSIGNMENT OF ERROR:**

In Defendant's sole assignment of error he alleges that the sentence of three and one-half years at hard labor is constitutionally excessive, considering the circumstances of the case. Because he was only nineteen years of age at the time of the accident and had never been in trouble with the law before this incident, Defendant asserts that the term of imprisonment imposed should have been less, rather than more, than one-half of the maximum term permitted by statute.

Our negligent homicide statute, Louisiana Revised Statutes 14: 32(C), provides for a range of punishment "with or without hard labor for not more than five years, fined not more than five thousand dollars, or both." Defendant was sentenced to three and one-half years at hard labor and fined one thousand dollars, plus cost of court.

> Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. *State v. Sepulvado*, 367 So.2d 762 (La.1979); *State v. Naquin*, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981); *State v. Everett*, 530 So.2d 615 (La.App. 3 Cir.1988), *writ denied*, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. *State v. Howard*, 414 So.2d 1210 (La.1982).

*State v. Walker*, 96-112, pp. 3-4 (La.App. 3 Cir. 6/5/96), 677 So.2d 532, 534-35, *writ denied,* 96-1767 (La. 12/6/96), 684 So.2d 924.

> A trial court must look at the particular circumstances of the case and the defendant's background in order to impose a sentence that is suited for him. On review, the issue is not whether another sentence would have been more appropriate; rather, it is whether the trial court abused its discretion.

*State v. Beverly,* 03-1348, p.2 (La.App. 3 Cir. 3/3/04), 867 So.2d 107, 110 (footnotes

2

omitted); *See also State v. Cook,* 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied,* 519 U.S. 1043, 117 S.Ct. 615 (1996).

In its written reasons for imposing the three and one-half year term of imprisonment at hard labor, the trial court noted that it had reviewed a pre-sentence investigation report and read the letters sent on behalf of Defendant and the State. The trial court stated:

> You profess to not remember the event of the accident and even state that you do not believe you were driving. On your initial interview with the Probation and Parole Officer, Paul Cryer, you stated: "I'm sorry for what I done[.] I believe it wasn't my fault. I can't remember driving. I don't think I was. I took the plea for the lessor [sic] charge. If I could change one thing. I would be not going out that night."
>
> In short you deny responsibility for the accident and for the death of Sonia Reid. You have no sense of personal accountability.
>
> This court is very skeptical of your lapse of memory pertaining to the actual occurrence of the accident. Your memory is selective in that you clearly remember events shortly before and after the accident. On the other hand your statements of "I don't remember" are quite consistent with your total lack of acceptance of responsibility for this tragedy. The Court does not share your view that you are not at fault.
>
> . . . .
>
> You are twenty-one years of age and you are a first felony offender. As stated I have read all of the submissions made by your attorney and by the District Attorney's Office, and all of the information found in the Court record. I have carefully studied the PSI. I have taken into consideration all of the provisions of Code of Criminal Procedure Article 894.1. Although you are a first offender I do not believe that a probated sentence would be appropriate in this case since such a sentence would deprecate the seriousness of the crime.

In *State v. Hughes,* 03-420 (La.App. 3 Cir. 12/31/03), 865 So.2d 853, *writ denied*, 04-663 (La. 12/24/04), 882 So.2d 1165, the maximum sentence of five years imposed on a conviction for negligent homicide was found not to be excessive even though Hughes was a first time felony offender and the mother of four children. In that case, Hughes attempted to commit suicide by driving at a high rate of speed into

the path of an oncoming pick-up truck. The driver of the pick-up was killed. This court stated:

> The trial court cited the applicable factors set forth in La.Code Crim.P. art. 894.1, noted Defendant's lack of a criminal record and letters of support in her favor; but, concluded Defendant's "wanton and reckless disregard for the lives and safety of others . . . dictates a sentence that fits the nature of this offense." The trial court did not abuse its discretion in sentencing this Defendant to the five-year maximum term of imprisonment.

*Id.* at 860.

In *State v. Gregrich*, 99-178 (La.App. 3 Cir. 10/13/99), 745 So.2d 694, this court affirmed a sentence of three years imposed on a conviction for negligent homicide. Gregrich, who was legally intoxicated at the time, drove his car left of center and hit an oncoming car head on, killing the driver. In *State v. Clark,* 529 So.2d 1353 (La.App. 5 Cir. 1988), the fifth circuit affirmed a three-year sentence imposed on a conviction for negligent homicide. In that case, Clark was also determined to be intoxicated at the time and drove through a stop sign, striking the victim's vehicle. The victim died as a result of the accident. Clark had previous convictions for driving while intoxicated.

The above cited cases show that Defendant's sentence of three and one-half years is comparable to other sentences imposed for the same offense in similar situations. While Defendant was not intoxicated, as in *Clark* and *Gregrich*, he was also charged with hit-and-run driving. In exchange for his guilty plea, the State agreed to dismiss the charge of hit-and-run driving. Louisiana Revised Statutes 14:100(C)(2) provides for a range of punishment of not more than ten years imprisonment and a fine of not more than five thousand dollars. As noted, Defendant took the victim's infant son out of the car, hitchhiked home, left the boy on his grandmother's porch at three o'clock in the morning, and never reported the accident.

4

Defendant received a benefit when he pled guilty to negligent homicide in exchange for the dismissal of the hit and run driving charge. He could have received a more onerous sentence. A trial court may take into consideration the benefit received in exchange for a guilty plea when imposing a sentence. *State v. Spencer*, 04-857 (La.App. 3 Cir. 12/8/04), 888 So.2d 1128.

For the reasons set forth above, we find that Defendant's sentence is not constitutionally excessive and that the trial court did not abuse its considerable discretion when it sentenced Defendant to three and one-half years imprisonment on his conviction of negligent homicide.

## CONCLUSION

Defendant's conviction and sentence are affirmed.

**AFFIRMED.**