# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 09-351

**STATE OF LOUISIANA**

**VERSUS**

**SCOTTY L. WEBRE**

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 13983-06
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

**********

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

**AFFIRMED AS AMENDED.**

John Foster DeRosier
District Attorney, 14th Judicial District Court
Carla Sue Sigler
Assistant District Attorney, 14TH Judicial District Court
P. O. Box 3206
Lake Charles, LA 70602-3206
Telephone: (337) 437-3400
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

Annette Fuller Roach
Louisiana Appellate Project
P. O. Box 1747
Lake Charles, LA 70602-1747
Telephone: (337) 436-2900
COUNSEL FOR:
    Defendant/Appellant - Scotty L. Webre

**THIBODEAUX, Chief Judge.**

Defendant, Scotty L. Webre, was originally charged with vehicular homicide, a violation of La.R.S. 14:32.1. The bill was later amended to negligent homicide, a violation of La.R.S. 14:32. Defendant pled guilty to the amended charge.

The trial court imposed a sentence of five years at hard labor with credit for time served. The trial court also "order[ed] that at some point" Defendant receive drug treatment if made available to him at the Louisiana Department of Corrections.

Defendant did not file a motion to reconsider sentence. He now comes before this court on appeal asserting his sentence is excessive and that he received ineffective assistance of counsel through failure to file a motion to reconsider. Neither claim has merit. We, therefore, affirm.

## FACTS

The State recited the following facts at the guilty plea hearing:

> Yes, Your Honor. If called to trial the State would show that on May 11th, 2005 Scotty Webre operated a motor vehicle upon the roads and highways of the state of Louisiana in a manner showing his disregard for the interests of others and that his conduct amounted to a gross deviation below the standard of care expected to be maintained by reasonably careful men under similar circumstances. His operation of that motor vehicle and the resulting gross negligence that he operated it with resulted in the death of an individual who was also operating on the roadway, thereby he killed a human being through gross negligence, all within the confines of Calcasieu Parish.

<u>**LAW AND DISCUSSION**</u>

**Excessiveness of Sentence**

Defendant joins his first and second assignments of error to challenge the excessiveness of his sentence, as follows:

1.  The maximum sentence imposed on this first-time felony offender is nothing more than a needless imposition of pain and suffering and thus a violation of Article 1, § 20 of the Louisiana Constitution and the Eighth Amendment of the United States Constitution.

2.  The reasons given by the trial court in support of the imposition of the maximum sentence are not supported by the record and are insufficient to satisfy the mandates of La.Code Crim.P. art. 894.1.

Defendant did not file a motion to reconsider sentence. "Failure to make or file a motion to reconsider sentence . . . shall preclude the state or the defendant from raising an objection to the sentence." La.Code Crim.P. art. 881.1(E). Accordingly, Defendant is relegated to a bare claim of excessiveness, as his arguments on appeal were not properly preserved for appellate review.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p. 5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3]

2

(La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Defendant was convicted of negligent homicide, a violation of La.R.S. 14:32. This offense carries a maximum sentence of five years with or without hard labor and a possible fine of not more than five thousand dollars. Thus, Defendant received the maximum five years at hard labor.

> In *State v. Burnaman*, 03-1647, p. 5 (La.App. 3 Cir. 5/12/04), 872 So.2d 637, 641, this court considered the appropriateness of the imposition of maximum sentences, explaining:
>
> > [M]aximum sentences are usually reserved for the most egregious and blameworthy of offenders. *State v. LeBlanc*, 578 So.2d 1036 (La.App. 3 Cir. 1991), *writ denied*, 620 So.2d 833 (La.1993). In reviewing the imposition

of a maximum sentence, the First Circuit has held:

> This Court has stated that maximum sentences permitted under statute may be imposed only for the most serious offenses and the worst offenders, *State v. Easley*, 432 So.2d 910, 914 (La.App. 1 Cir. 1983), or when the offender poses an unusual risk to the public safety due to his past conduct of repeated criminality. *See State v. Chaney*, 537 So.2d 313, 318 (La.App. 1 Cir. 1988), *writ denied*, 541 So.2d 870 (La.1989). A trial court's reasons for imposing sentence, as required by La.Code Crim.P. art. 894.1, are an important aid to this court when reviewing a sentence alleged to be excessive. *State v. McKnight*, 98-1790 at p. 25, 739 So.2d [343] at 359 [(La.App. 1 Cir. 1999)].

*State v. Runyon*, [05-36, 05-104, pp. 22-23 (La.App. 3 Cir. 11/2/05),] 916 So.2d [407,] 423-24 [,*writ denied*, 06-1348 (La. 9/1/06), 936 So.2d 207].

*State v. Runyon*, 06-823, p. 12 (La.App. 3 Cir. 12/6/06), 944 So.2d 820, 830, *writ denied*, 07-49 (La. 9/21/07), 964 So.2d 330.

A review of the record reflects that the fifty-year-old Defendant has a prior criminal history including a 1985 conviction for DWI and a 1997 conviction for hit and run. Defendant also has a record for assault, battery, and resisting arrest. The record reveals that the accident involved in this case occurred at 5:00 a.m. on a foggy morning before daybreak. Defendant was speeding on the lefthand side of the roadway, passing three consecutive vehicles. He ran a stop sign and struck the victim.

The trial court reviewed and considered Defendant's pre-sentence investigation report. He also considered the death of the victim and the impact on the victim's family. Additionally, the trial court observed that there was evidence of cocaine in Defendant's system within nine hours of the accident. The court observed

4

Defendant's lack of remorse, failure to accept accountability, and his continued drug use after the accident as aggravating factors.

Additionally, Defendant's sentence is comparable to those imposed for the same or similar crimes. In *State v. Rogers*, 07-276 (La.App. 3 Cir. 10/3/07), 966 So.2d 1212, this court affirmed a sentence of three and one-half years for a conviction of negligent homicide where "[d]efendant took the victim's infant son out of the car, hitchhiked home, left the boy on his grandmother's porch at three o'clock in the morning, and never reported the accident." *Id.* at 1215. In making this determination, the court observed the following jurisprudence:

> In *State v. Hughes*, 03-420 (La.App. 3 Cir. 12/31/03), 865 So.2d 853, *writ denied*, 04-663 (La. 12/24/04), 882 So.2d 1165, the maximum sentence of five years imposed on a conviction for negligent homicide was found not to be excessive even though Hughes was a first time felony offender and the mother of four children. In that case, Hughes attempted to commit suicide by driving at a high rate of speed into the path of an oncoming pick-up truck. The driver of the pick-up was killed. This court stated:
>
>> The trial court cited the applicable factors set forth in La.Code Crim.P. art. 894.1, noted Defendant's lack of a criminal record and letters of support in her favor; but, concluded Defendant's "wanton and reckless disregard for the lives and safety of others . . . dictates a sentence that fits the nature of this offense." The trial court did not abuse its discretion in sentencing this Defendant to the five-year maximum term of imprisonment.
>
>> . . . .
>
> In *State v. Gregrich*, 99-178 (La.App. 3 Cir. 10/13/99), 745 So.2d 694, this court affirmed a sentence of three years imposed on a conviction for negligent homicide. Gregrich, who was legally intoxicated at the time, drove his car left of center and hit an oncoming car head on, killing the driver. In *State v. Clark*, 529 So.2d 1353 (La.App. 5 Cir. 1988), the fifth circuit affirmed a three-year sentence imposed on a conviction for negligent

homicide. In that case, Clark was also determined to be intoxicated at the time and drove through a stop sign, striking the victim's vehicle. The victim died as a result of the accident. Clark had previous convictions for driving while intoxicated.

*Id.* at 1215.

In light of the jurisprudence, Defendant's maximum sentence of five years at hard labor does not fall outside the norms of Louisiana jurisprudence. Defendant has a prior criminal history, including a conviction for DWI and a conviction for hit and run. He expressed no remorse or responsibility for his actions. Given the trial court's considerations in fashioning Defendant's sentence, the court was in compliance with La.Code Crim.P. art. 894.1. Further, Defendant's five year sentence is not grossly disproportionate to the seriousness of the crime nor does it shock one's sense of justice. Accordingly, Defendant's sentence is affirmed.

**Ineffective Assistance of Counsel**

Defendant contends that trial counsel rendered ineffective assistance of counsel when he failed to file a motion to reconsider the sentence. This court discussed ineffective assistance of counsel for failure to file a motion to reconsider sentence in *State v. Findlay*, 06-1050, p. 4 (La.App. 3 Cir. 2/7/07), 949 So.2d 609, 611-12. We explained:

> This court considered a similar issue in *State v. Prudhomme*, 02-511, p. 16 (La.App. 3 Cir. 10/30/02), 829 So.2d 1166, 1177, *writ denied*, 02-3230 (La. 10/10/03), 855 So.2d 324, stating:
>
>> Failure to file a motion to reconsider the sentence does not necessarily constitute ineffective assistance of counsel. *State v. Texada*, 98-1647 (La.App. 3 Cir. 5/5/99); 734 So.2d 854. Nevertheless, the defendant may have a basis to claim ineffective assistance of counsel when he can show a reasonable probability, but for defense counsel's error,

his sentence would have been different. *Id.* Furthermore, in *State v. Francis*, 99-208 (La.App. 3 Cir. 10/6/99); 748 So.2d 484, *writ denied*, 00-0544 (La. 11/13/00); 773 So.2d 156, this court stated:

> A claim of ineffective assistance of counsel is properly raised in an application for post conviction relief. This allows the trial judge an opportunity to order a full evidentiary hearing on the matter. *State v. Burkhalter*, 428 So.2d 449 (La.1983). However, where the record contains evidence sufficient to decide the issue and the issue is raised by an assignment of error on appeal, it may be considered. *State v. James*, 95-962 (La.App. 3 Cir. 2/14/96); 670 So.2d 461.

*Id.*

After considering the circumstances of the case, the background of the defendant, and the trial court's considerations of the pre-sentence investigation report and the factors of La.Code Crim.P. art. 894.1, the court in *Findlay* held that it was "not likely that the trial court would have reduced the Defendant's sentence if a motion to reconsider had been made." *Id.* at 614.

Likewise, given the factual circumstances of this case, Defendant's criminal history, the impact on the victims, and the trial court's considerations in fashioning Defendant's sentence, we conclude that it is not likely that the court would have reduced Defendant's sentence had defense counsel filed a motion to reconsider sentence. Thus, this assignment of error has no merit.

## ERROR PATENT

In *State v. Gregrich*, 99-178 (La.App. 3 Cir. 10/13/99), 745 So.2d 694, this court vacated, as an error patent, the portion of the defendant's penalty requiring him to participate in a substance abuse program. Whether this condition was imposed as part of his sentence for negligent homicide or his sentence for driving while intoxicated was not clear. Nevertheless, the court observed that "[n]either statute allows the trial court to require participation in a substance abuse program, absent part of the sentence being subject to probation requirements." *Id.* at 696. Because *Gregrich* was not placed on probation, this court held that the trial court's order to attend substance abuse evaluations was illegal. *Id.*

Here, the trial court ordered Defendant to undergo drug treatment if the Department of Corrections could accommodate him. The court did not suspend Defendant's sentence, nor was he placed on probation. Thus, as in *Gregrich*, the court's order to undergo drug treatment without placing Defendant on probation was illegal.

This court also noted in *Gregrich* that, under La.Code Crim.P. art. 882(A), an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review, "when such correction does not involve the exercise of sentencing discretion," quoting *State v. Fraser*, 484 So.2d 122 (La.1986). Accordingly, we amend the sentence imposed by the trial court to delete that portion requiring participation in drug treatment.

## CONCLUSION

Defendant's sentence is amended to delete the requirement that the Defendant receive drug treatment. Defendant's sentence is otherwise affirmed as amended.

**AFFIRMED AS AMENDED.**