# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 11-1461

**STATE OF LOUISIANA**

**VERSUS**

**ANTHONY PAUL LISOTTA, JR.**

**\*\*\*\*\*\*\*\*\*\***
**APPEAL FROM THE**
**FOURTEENTH JUDICIAL DISTRICT COURT**
**PARISH OF CALCASIEU, DOCKET NO. 30036-10**
**HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE**
**\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Judges Sylvia R. Cooks, J. David Painter, and James T. Genovese.

**AFFIRMED IN PART. MISDEMEANOR SEVERED AND DEFENDANT INSTRUCTED TO FILE AN APPLICATION SEEKING SUPERVISORY REVIEW THEREOF WITHIN THIRTY DAYS OF THIS OPNION IF HE SO CHOOSES.**

Edward K. Bauman
Louisiana Appellate Project
P.O. Box 1641
Lake Charles, LA 70602
(337) 491-0570
**Attorney For Defendant/Appellant;**
**Anthony Paul Lisotta, Jr.**

John F. DeRosier, District Attorney
Carla S. Sigler, Assistant District Attorney
Karen C. McClellan, Assistant District Attorney
Fourteenth Judicial District
901 Lakeshore Drive, Suite 600
Lake Charles, LA 70601
(337) 437-3400
**Attorneys For the State of Louisiana/Appellee**

**Cooks, Judge**

## FACTS AND PROCEDURAL HISTORY

Anthony Paul Lisotta, Jr. (Defendant) was charged with two counts of cruelty to juveniles, violations of La.R.S. 14:93, as well as one count of illegal use of a controlled dangerous substance (CDS) in the presence of a person under the age of seventeen, a violation of La.R.S. 14:91.13. Defendant smoked marijuana in the presence of his nephews, ages eight and eleven. The eight-year-old child smoked marijuana with him. That child suffered chest pains and was taken to a hospital suffering serious physical symptoms. Testing revealed THC in his system. The nephew, who was eleven at the time of the incident, was already experienced in using marijuana, and it was not alleged that he smoked any at the time or that he suffered any injury in the episode.

Defendant is a former special education student who has lived with his mother his entire life. He has had an alcohol addiction problem and a drug addiction problem for many years and is the victim of an abusive, alcoholic father who physically abused him and his mother. He was previously under psychiatric care for approximately two years. Defendant, who never completed high school, has held employment intermittently at minimum wage jobs. Defendant has one prior felony conviction for aggravated assault and prior convictions for disturbing the peace by public intoxication and for possession of marijuana.

Originally, Defendant entered pleas of not guilty and not guilty by reason of insanity. Defendant withdrew his not guilty pleas and plead guilty to one count of cruelty to a juvenile and one count of illegal use of a CDS in the presence of a person under the age of seventeen. As part of the plea agreement, the State dismissed the remaining count of cruelty to a juvenile. Defendant's appointed counsel did not have an intelligence test performed on Defendant and offered no

mitigating evidence at sentencing. Defendant was sentenced to ten years at hard labor on the charge of cruelty to a juvenile, five years of the sentence was suspended, and he is to be placed on probation for five years after his term of imprisonment is served. He was also sentenced to serve six months in the parish jail on the charge of illegal use of a CDS in the presence of a person under seventeen years of age, this sentence to run concurrent with his other sentence. Defendant's attorney did not file a motion to reconsider sentence. The Louisiana Appellate Project was appointed to represent Defendant on appeal. He appeals his sentence on the conviction of cruelty to a juvenile, asserting the sentence is excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, we review all criminal appeals for errors patent on the face of the record. After reviewing the record, we find there is an error patent on the face of the record.

We find there was a misjoinder of offenses in the bill of information. Louisiana Code of Criminal Procedure Article 493 provides for the joinder of offenses in a single bill of information under limited circumstances, if the offenses joined are triable by the same mode of trial.

In the present case, Counts I and II, which are punishable with or without hard labor, are triable by a six person jury, all of whom must concur. La.Code Crim.P. art. 782. Count III, which is a misdemeanor, is triable by a judge only. La.Code Crim.P. art. 779. Therefore, pursuant to La.Code Crim.P. art. 493, Counts I and II were properly joined, but Count III was not. The State dismissed Count II in conjunction with the Defendant's guilty plea to Counts I and III.

2

This court addressed this issue in *State v. LeBlanc*, 08-1533, pp. 3-5 (La.App. 3 Cir. 6/10/09), 12 So.3d 1125, 1127-28, *reversed on other grounds*, 09-1355 (La. 7/6/10), 41 So.3d 1168:

> First, there is a misjoinder of offenses in the bill of indictment. Counts 1 and 6 of the bill of information are punishable by imprisonment with or without hard labor, and are thus triable by a jury of six, all of whom must concur to render a verdict. La.Code Crim.P. art. 782, La.R.S. 14:32.1 and La.R.S. 40:967. The remaining counts of the twelve count bill are to be tried by the court without a jury. La.Code Crim.P. art. 779. Louisiana Code of Criminal Procedure Article 493 provides for the joinder of offenses in a single bill under limited circumstances if the offenses joined are triable by the same mode of trial. Consequently, Counts 1 and 6 were improperly joined with the remaining counts. However, the Defendant did not file a motion to quash the bill of information on the basis of misjoinder of offenses, as required by statute. La.Code Crim.P. art. 495. Additionally, by entering an unqualified guilty plea, the Defendant waived review of this non-jurisdictional pre-plea defect. *See State v. Crosby*, 338 So.2d 584 (La.1976). Thus, this error is precluded from review.
>
> . . . .
>
> We next address a procedural issue. The Defendant entered a plea of guilty to Counts 1 through 4. Because Counts 2-4, vehicular negligent injuring, were not triable by jury, the proper mode of appellate review for these offenses is an application for writ of review, rather than an appeal. La.Code Crim.P. art. 912.1.
>
> Defendant has not challenged her misdemeanor convictions. Her only assignment of error concerns the alleged excessiveness of her sentence, and her argument refers specifically to her sentence for vehicular homicide. Therefore, we hereby sever the misdemeanors from this appeal and instruct the Defendant that if she chooses to seek review of the misdemeanors, she must file an application seeking supervisory review with this court within thirty days of the court's ruling on appeal. *See State v. Turner*, 04-1250 (La.App. 3 Cir. 3/2/05), 896 So.2d 286, *writ denied*, 05-871 (La.12/12/05), 917 So.2d 1084.

In the present case, Defendant did not file a motion to quash the bill of information on the basis of misjoinder of offenses. He entered an unqualified guilty plea thereby waiving review of this pre-plea defect.

3

In this appeal, Defendant challenges only his sentence for cruelty to a juvenile.[1] Therefore, in accordance with our holdings in *LeBlanc* and *Turner*, we will sever the misdemeanor conviction from the appeal and instruct Defendant to file an application seeking supervisory review of his misdemeanor conviction on Count III within thirty days of the court's ruling on appeal, if he so desires.

### REVIEW OF SENTENCE COUNT I

As to Defendant's sentence on Count I, we first note that Defendant was sentenced in accordance with a plea agreement. Louisiana Code of Criminal Procedure Article 881.2 (A)(2) provides "the defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

*Ho*wever, in the instant case, there was no sentence recommendation as part of the plea agreement. Therefore, we are not precluded from reviewing Defendant's sentence under La. Code Crim. P. art. 881.2.

Under the provisions of La.Code Crim.P. art 881.1, a defendant must file a motion to reconsider sentence in order to preserve his right to appellate review of his sentence. Because Defendant did not file a motion to reconsider sentence, our review of his claim of excessiveness is limited to a bare claim of constitutional excessiveness. *See State v. Webre*, 09-351 (La.App. 3 Cir. 11/4/09), 21 So.3d 1154.

In *State v. LeBlanc*, 12 So.3d at 1128-29, we discussed the determination of an excessive sentence:

> In *State v. Barling*, 00-1241, 00-1591, p.12 (La.App 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02),

---

[1]We note Defendant refers to his six-month sentence for Count III in his assignment of error challenging the excessiveness of his sentence in Count I; however, he does not present an *argument* regarding excessiveness of the six-month sentence for Count III.

808 So.2d 331, this court discussed what constituted an excessive sentence as follows:

> La.Const. art. I, § 20 guarantees that "no law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measureable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-165 (La.6/30/00), 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 Le.Ed. 2d 539 (1996).

Louisiana Revised Statutes 14:93 provides a maximum sentence of ten years at hard labor for committing the crime of cruelty to a juvenile. The statute provides no minimum sentence and provides for the possibility of a fine of not more than one thousand dollars in lieu of imprisonment. The pertinent part of La.R.S. 14:93 which applies to this case is Section A, paragraph 1, which provides that cruelty to juveniles is defined as "[t]he intentional or criminally negligent mistreatment or neglect by anyone seventeen years of age or older of any child under the age of seventeen whereby unjustifiable pain and suffering is caused to said child. Lack of knowledge of the child's age shall not be a defense."

Thus we must determine whether the trial court abused its broad discretion in imposing a ten-year sentence, five years of which is suspended, based upon the facts of this case. The trial judge heard testimony from the victims' paternal grandmother, Renee Amos (Amos), who has court ordered custody of the two children. The incident occurred while the children were on a court ordered visit with their maternal grandmother and her son, Defendant. Amos testified that the

5

eight-year-old who smoked marijuana with Defendant was taken to the hospital in serious condition. He suffered serious physical symptoms immediately after smoking the marijuana and suffered prolonged emotional problems after the incident. The trial judge patiently listened to all family members affected by the incident and reviewed the Pre-Sentence Investigation Report on Defendant. We cannot say the trail court manifestly abused his broad discretion in imposing this sentence. The victim, an eight-year-old child, was defenseless and suffered serious physical and emotional harm as a result of Defendant's actions. Defendant acknowledged that he knew what he was doing was wrong but engaged in the activity anyway. The trial court was made well aware of the fact that Defendant has a low intelligence and suffers from an abusive past. Nevertheless, the trial court conducted a thorough hearing before imposing this sentence. Nothing in the record demonstrates an abuse of discretion in imposing the ten-year sentence, suspending five years of the sentence, and requiring a period of five years probation. Based upon the record before us, we cannot find that the penalty imposed upon Defendant is "so grossly disproportionate to the severity of the crime as to shock our sense of justice." *Barling*, 779 So.2d at 1042-43. We find the trial court did not abuse its broad discretion in the sentence imposed.

**AFFIRMED IN PART. MISDEMEANOR SEVERED AND DEFENDANT INSTRUCTED TO FILE AN APPLICATION SEEKING SUPERVISORY REVIEW THEREOF WITHIN THIRTY DAYS OF THIS OPNION IF HE SO CHOOSES.**