666 So.2d 1255 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
Joyce S. WOODMAN, Defendant-Appellant.
No. 28,004-KA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1996.
*1256 Lavalle B. Salomon, Monroe, for Defendant-Appellant.
Richard Ieyoub, Attorney General, William R. Coenen, Jr., District Attorney, Penny Wise-Douciere, Assistant District Attorney, for Plaintiff-Appellee.
Before MARVIN, HIGHTOWER and WILLIAMS, JJ.
MARVIN, Chief Judge.
After bargaining to plead guilty to one count of unauthorized use of an access card, in violation of LRS 14:67.3, in return for the State's agreement to make a nonbinding recommendation for probation, Joyce S. Woodman appeals as excessive, her five-year hard labor sentence.
In the last of her seven assignments, Ms. Woodman also complains that the trial court denied present "counsel the opportunity to enroll and continue the sentence of April 12, 1995." Ms. Woodman's appointed counsel appeared with her at the April 12 sentencing hearing. The record shows, however, that her present counsel on April 10 filed a motion to enroll, which was granted on April 11, 1995, and a motion for continuance of the April 12 sentencing date. The motion for continuance was effectively denied on April 12. Moreover, the motion for reconsideration of sentence filed by her present counsel in the trial court does not complain that counsel was not allowed to enroll or that his motion for continuance of sentence was wrongly denied. Ms. Woodman's present counsel "suggests" to this court that "the refusal to allow retained counsel to appear and to prepare for the sentencing denied Appellant [constitutional] fundamental fairness."
We address the excessiveness and the fairness arguments and affirm the sentence.

DISCUSSION
During April 1994, the 38-year-old Woodman used her elderly mother's credit card without authorization to charge over $2,000 worth of purchases in Richland Parish. She made many of the charges while her mother was hospitalized. Woodman admitted making the charges.
The trial court reviewed a presentence investigation (PSI) report and a guidelines worksheet, observing that the victim was Woodman's mother. Woodman had not attempted restitution. Woodman had a forgery charge pending in Concordia Parish and had lied to the probation officer as well as the court. The letters of reference submitted on her behalf could not be verified. Woodman falsely represented that she was in charge of the children's program at her church, falsely listed three persons as prior employers, and falsified a marriage certificate.
Woodman urges that the trial court imposed an excessive sentence, failed to give adequate consideration to the nonbinding *1257 probation recommendation, failed adequately to articulate reasons for sentence, failed to set forth adequate aggravating circumstances to justify the sentence, based the sentence in part on baseless conjecture or speculation, failed to give adequate reasons for departure from the sentencing guidelines, and erred in denying a motion for continuance on the day of sentencing. These complaints have no merit.
A trial court, having properly considered the guidelines, has complete discretion to reject them and impose any sentence which is not constitutionally excessive, provided it states for the record the considerations taken into account and the factual basis for the imposition of sentence. State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237. If these provisions are met, the reviewing court is limited to the question of constitutional excessiveness. State v. Smith, supra; State v. Walters, 26,647 (La.App. 2d Cir. 12/7/94), 648 So.2d 7. Here, the court properly considered the guidelines and adequately stated reasons for sentence. Our review is for constitutional excessiveness.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or is purposeless or needless. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate when the crime and punishment, considered in light of the harm done to society, shocks one's sense of justice. State v. Hogan, 480 So.2d 288 (La. 1985); State v. Thompson, 25,583 (La.App. 2d Cir. 1/19/94), 631 So.2d 555. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, supra.
A suspended sentence is not mandated, pre- or post-guidelines, simply because a defendant is a first felony offender. State v. Ferrell, 25,851 (La.App. 2d Cir. 3/30/94), 634 So.2d 977. A sentencing court continues to have discretion to suspend a sentence unless the law provides otherwise. State v. Tolliver, 621 So.2d 17 (La.App. 2d Cir.1993).
We find no abuse of discretion. The statutory range was up to 10 years at hard labor. The court was aware of, and considered, Woodman's background. The reasons for sentence are supported by factual matters contained in the PSI report. The court was not bound by the State's recommendation for a probated sentence. A fine was not imposed. Woodman was not ordered to make restitution as is authorized by LRS 14:67.3(F). This sentence is within the statutory sentencing range for the offense of conviction, is not grossly out of proportion to the seriousness of the offense, and does not shock our sense of justice.
Equally without merit is the claim that the trial court erred in denying the motion for continuance. The record shows Woodman was represented by attorney James Stephens from June 15, 1994, when he obtained a continuance of the arraignment date, until April 12, 1995, when sentence was imposed. Woodman later waived arraignment and entered a not guilty plea. After having been notified of the date for sentencing, Woodman failed to appear. The trial court ordered a bond forfeiture and, on March 1, 1995, issued a bench warrant. On April 10, 1995, Attorney Lavalle Salomon enrolled as counsel and moved for continuance of sentencing. At that time, sentencing was set for April 12. As noted, her present counsel was allowed to enroll.
Absent a showing of prejudice, a trial court's denial of a motion seeking a continuance of a post-trial criminal proceeding will not be disturbed on appeal. State v. Gibson, 628 So.2d 156 (La.App. 2d Cir.1993). Here, assigned counsel was present at the sentencing. Present counsel does not assert specific errors in the trial court's factual basis for sentencing or demonstrate prejudice to Ms. Woodman.
While a defendant has a right to counsel of her choice, this right cannot be manipulated to obstruct the orderly procedure of the court and it must be exercised at *1258 a reasonable time, in a reasonable manner, and at an appropriate stage of the proceedings. State v. Seiss, 428 So.2d 444 (La.1983); State v. Butler, 25,563 (La.App. 2d Cir. 1/19/94), 631 So.2d 22; State v. Mitchell, 580 So.2d 1006 (La.App. 3d Cir.1991), writ denied. Under the circumstances, we find no abuse of discretion in the denial of the continuance of sentence and the imposition of sentence with appointed counsel present.
We find no error patent in this record.

DECREE
The conviction and sentence are AFFIRMED.