11 STEWART, J.
The defendant, Robert Charles Allen, pled guilty to the charge of battery of a police officer in violation of La. R.S. 14:34.2(B)(3), a felony punishable by imprisonment with or without hard labor for not less than one year nor more than five years. The district court sentenced the defendant to serve four years at hard labor with credit for time served. However, after reconsideration of the sentence, the district court reduced the term of imprisonment to three years and six months. The defendant now appeals the sentence as excessive. We affirm.
*1163 FACTS
On February 20, 1996, two Bossier City police officers observed the defendant run a stop sign. When the officers stopped the defendant, they smelled on odor of marijuana in the defendant’s vehicle. A consent search of the defendant’s vehicle revealed two rocks of cocaine, a crack pipe, and a marijuana cigarette. The defendant became combative and fought the officers when they informed him that he was under arrest and attempted to place him in handcuffs. The defendant hit both officers several times. One of the officers suffered a broken bone in his left hand, for which he received medical treatment.
The defendant was charged with possession of a Schedule II controlled dangerous substance (cocaine) in violation of La. R.S. 40:967(0, battery of a police officer, with injury, in violation of La. R.S. 14:34.2(B)(3), and possession of a Schedule I controlled dangerous substance (marijuana) in violation of La. R.S. 40:966(C). On March 9, 1998, the defendant entered a guilty plea to the charge of battery of a police officer. In exchange for the guilty plea, the state dismissed the two pending possession charges as well as other pending misdemeanor charges. The district court ordered a pre-sentence investigation (“PSI”) report.
On July 6, 1998, the district court sentenced the defendant to four years at hard labor with credit for time served. The district court noted that the injury 1 ¡.sustained by the arresting police officer caused pain and resulted in a loss of $3,400 in wages. The district court referred to the defendant’s criminal history which included, among other offenses, a guilty plea to a possession of marijuana charge in 1992 and an arrest for simple battery. The facts that the defendant was married, had three dependents to support, and had another child on the way were taken into consideration. However, the district court also noted that the defendant’s plea significantly reduced his exposure from fifteen years imprisonment to five years imprisonment.
On July 9, 1998, the defendant filed a motion to reconsider sentence. The district court granted the motion and reduced the defendant’s sentence to three years and six months. Although the defendant put forth testimony regarding his family’s need for support and his stable nine year employment history, the district court granted only a slight reduction in the sentence. The district court referred to the benefit the defendant derived from the plea and the senselessness of the crime. The district court also noted that imprisonment might enable the defendant to break his drug habit and that the defendant would not be able to hurt others while in prison.
The defendant now appeals his reduced sentence as excessive. The defendant argues that the district court improperly based the sentence upon his alleged drug problem. The defendant also argues that the sentence exceeds the plea agreement, which he contends included a sentence cap of eighteen months.
DISCUSSION
An appellate court’s review of excessive sentence claims involves a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982). The second inquiry requires an examination |sof the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 *1164 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2nd Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App. 2nd Cir. 4/2/97), 691 So.2d 345.
A suspended sentence is not mandated simply because a defendant is a first-time felony offender. State v. Woodman, 28,004 (La.App. 2nd Cir. 1/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.5/396), 672 So.2d 696.
. In sentencing the defendant, the district court considered the PSI report and the facts of the case. The district court noted that the defendant obtained the dismissal of a number of other charges through his plea bargain. Additionally, the defendant had prior convictions for possession of marijuana and driving while intoxicated, as well as a number of other arrests on similar matters. The PSI report did not recommend the defendant for probation due to the seriousness of the pled offense. The victim lost $3,400 in wages due to his inability to work a second job while his hand was healing from the injury.
Upon reconsideration of sentence, the district court heard testimony from the defendant and his wife. The defendant, who was 26 at the time, referred to his nine year employment history with two jobs, his willingness to make restitution to the victim, and his claim that his family might have to resort to welfare if he were |4to be imprisoned. His wife, Theresa Allen, stated that she was capable of working to support her family.
The defendant’s prior convictions for possession of marijuana and DWI suggests that he does have a substance abuse problem. While the district court did state that imprisonment might help the defendant break his drug habit, this was not the only basis provided in support of the sentence. Furthermore, we find no support in the record for the defendant’s contention that an eighteen month sentence cap was part of his plea bargain or that the sentence imposed violates any such agreement. Although defense counsel made a statement at the time of the guilty plea suggesting that a twelve to eighteen month sentence would be imposed if the PSI came back with only a misdemeanor possession of marijuana offense, the record contains no other reference to such an agreement. No mention was made of a sentence cap at the time of sentencing or at the hearing on the motion to reconsider sentence. Even if a sentence cap was discussed, the PSI report indicated that the defendant’s criminal history involved more than simply a misdemeanor possession offense.
On this record, we do not find the defendant’s sentence excessive. The defendant received a substantial benefit from his plea bargain which secured the dismissal of numerous charges. Under the circumstances presented, we find that the district court did not abuse its great discretion in imposing a sentence of three years and six months at hard labor. The sentence imposed does not shock the sense of justice and is not constitutionally excessive.
We have examined the record for error patent and found none.
DECREE
For the reasons discussed, we affirm the defendant’s conviction and sentence.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, PEATROSS and KOSTELKA, JJ.
Rehearing denied.