hKOSTELKA, J.
Jane Sneed (“Sneed”), originally charged with two counts of aggravated battery, pled guilty to one count in exchange for dismissal of the other. The court imposed a six-year hard labor sentence, but after reconsideration reduced the sentence to five years. Defendant urges that her sentence is excessive and that the trial court erred in not ordering a probated sentence. We affirm.
*905 On April 7, 1998, Minden police officers responded to a report of fighting in the street. The police determined that Sneed and Tangankia[1] Markray (“Markray”) had begun fighting when other persons became involved. Sneed used a knife to cut Mar-kray on the forearm and LaCharleston Key on the back of his neck. Markray required five stitches; Key required fourteen staples to close his wound.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Sneed has not challenged the adequacy of the court’s articulation of reasons for sentence. Moreover, we find it to be sufficient under the controlling jurisprudence.
The second inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
A trial court has wide discretion to sentence within the statutory limits and, absent a showing of manifest abuse of discretion, this court does not set aside a | ¡^sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.04/02/97), 691 So.2d 345.
A trial court is not required to render a suspended or probated sentence on a first (or qualifying second) felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864; State v. Woodman, 28,004 (La.App.2d Cir.01/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.05/03/96), 672 So.2d 696.
Prior to imposing sentence, the district judge reviewed a PSI report which showed that twenty-seven-year-old Sneed had obtained the dismissal of one aggravated battery count through her plea bargain. Although married and the mother of three young sons,' she has a lengthy record of prior involvement in misdemeanor fights. Her record includes an arrest in 1991 on two counts of battery, simple battery convictions in 1992, 1993, and 1994, a 1994 nol prossed simple battery charge, and convictions of disturbing the peace in 1994 and 1998, and simple assault in 1995. Sneed admitted to occasional use of marijuana and liquor. She worked minimum-wage jobs and had graduated in 1996 from a vocational technical school with a secretarial certificate. Despite her first felony status, she was not recommended for probation due to her assaultive behavior.
On this record, we do not find constitutional error. Sneed caused serious injury to two victims, including her minor cousin. This defendant’s continued propensity toward violence shows that prior suspended treatment failed to deter her. Under these circumstances, we find no abuse of discretion in the court’s decision to impose the sentence without benefit of probation. The district court showed leniency in granting Sneed’s motion for reconsideration of sentence and in imposing a sentence which is merely one half of that which could have been imposed on the convicted offense, and one fourth of her possible sentencing |aexposure under the original charges. Accordingly, Sneed gained a substantial reduction in potential exposure to confinement as a result of the plea agreement. Considering these cir *906 cumstances, the chosen sentence does not shock the sense of justice or constitute a needless or purposeless infliction of pain and suffering. The assigned error lacks merit.[2]
Sneed’s conviction and sentence are affirmed.
AFFIRMED.

. Also spelled ''Tanquenika” and "Tangenika Markary” in the PSI.

. We note that the district court's advice to Sneed that she "will have three years from the date of the finality of this sentence to apply for any post-conviction relief' is adequate notification under La.C.Cr.P. art. 930.8 of the prescriptive time limitations for filing post-conviction relief claims.