| .BROWN, J.
Defendant, Cearita Denise Reli-ford, charged with distribution of cocaine, entered into a plea bargain under which the state agreed to reduce the charge to simple possession of cocaine and to dismiss two pending, unrelated, charges of aggravated battery. The district court imposed a mid-range sentence of three years at hard labor and denied a timely motion for reconsideration. Finding no merit to defendant’s claim that her sentence is excessive, we affirm.

Discussion

The matters of record show that on November 12, 1997 defendant sold an “eight ball” (one-eighth ounce) of crack cocaine for the sum of $90 to an undercover state trooper after negotiating the price with him. Defendant now argues she should have been granted a lesser and probationary sentence.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v.. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.04/02/97), 691 So.2d 345.
LA suspended sentence is not mandated simply because a defendant is a first felony offender. State v. Woodman, 28,-004 (La.App.2d Cir.01/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.05/03/96), 672 So.2d 696.
Prior to imposing sentence, the district court reviewed a PSI report. The court listened to defendant’s statement of remorse and to her request for probation. The court stated that the facts of the case demonstrated that defendant actually distributed cocaine.[1] The court noted that defendant’s plea bargain secured the dismissal of two unrelated aggravated battery charges. The PSI showed that defendant had adult convictions for several simple batteries, batteries of two police officers, resisting a police officer, trespass and making false statements. The court noted that defendant always blamed someone else for her criminal conduct which indicated her unwillingness to alter her behavior. The court found that there was an undue risk defendant would commit another offense if granted probation and that she was in need of correctional treatment in a custodial environment. Finally, the court *649 determined that a lesser sentence would deprecate the seriousness of the offense.
On this record, we do not find constitutional error. Defendant, age 29 and having a tenth-grade education at the time of the offense, secured a substantial benefit from her plea bargain. The offense of conviction does not adequately describe her criminal conduct. She accumulated nine convictions, not including the instant offense, within a period of less than five years. She has six children, but is not employed. She admitted to the probation officer that most of the confrontations she had with authorities occurred when she had been using alcohol or controlled dangerous substances. The sentence imposed is lawful. It is neither | ¡¡grossly disproportionate to the severity of the offense nor shocking to the sense of justice. There is no showing of a manifest abuse of the district court’s broad discretion. Therefore, the sentence is not constitutionally excessive. The assigned error is without merit.
We have examined the record for error patent but found none.

Discussion

Defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Appellate defense counsel points out that the trial court did not find probable cause for the distribution charge. However, the record shows that this was merely because the undercover agent did not appear at the preliminary examination.