I,WILLIAMS, J.
The defendant, Richard Allen Scott, pleaded guilty as charged to two counts of forgery, violations of LSA-R.S. 14:72, and two counts of access card theft, violations of LSA-R.S. 14:67.3. He agreed to make restitution to the victims in consideration of the state’s agreement .to dismiss a pending unrelated sexual battery charge. On each of the forgery counts, the district court imposed concurrent sentences of seven years at hard labor, with all but the first four years suspended;[1] on each of the theft charges the court imposed concurrent five-year at hard labor sentences. The court suspended the execution of the theft sentences, but ordered them to be served consecutively to the forgery sentences. Following the denial of his timely motion for reconsideration, defendant appeals as excessive the sentences imposed for the forgeries and contends that he should have been granted probation. We affirm.
The matters of record show that on several occasions in July 1999, the defendant used a false power of attorney which he prepared to forge the signature of an elderly man, with whom he was living. The defendant forged bank loan applications and obtained approximately $10,000. During that same period, the defendant, without authority, opened credit accounts in the victim’s name to obtain jewelry val *550 ued at over $2,900 from several retail establishments.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641.
LOur examination of the record discloses that the trial court’s articulation of reasons for sentence was less than fully adequate. However, failure to comply with Article 894.1 does not automatically render a sentence invalid. The issue for a reviewing court is whether the record presented is sufficient to demonstrate that the trial court did not abuse its discretion. State v. Davis, 448 So.2d 645 (La.1984); State v. Wimberly, 414 So.2d 666 (La.1982).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979; State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392.
A suspended sentence is not mandated simply because a defendant is a first felony offender. State v. Woodman, 28,004 (La.App.2d Cir.1/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.5/3/96), 672 So.2d 696.
LPrior to imposing sentence, the district court reviewed a presentence investigation (“PSI”) report. The court stated its conclusion that defendant is a “con artist”. — he had lied to the victim, to the victim’s family members, to the bank officer who approved the fraudulent loans, and to the court about his educational background.
Although the court did not articulate any information about defendant’s background, the PSI, the transcripts of the guilty plea and sentencing colloquy and the other matters of record clarify the details of the criminal conduct involved. The record further shows the defendant was twenty-two years old at the time of sentencing. Although he had claimed to have a bachelor’s degree, he had earned only thirteen hours of credit. The PSI report shows defendant is classified as a first felony offender with a juvenile record. The report discusses defendant’s family situation, educational background, his lack of a military record, his employment history and indicates that, although he is unmarried, he has four children by three different women. Defendant showed little, if any, remorse for his criminal conduct.
On this record, we do not find constitutional error. The sentences imposed are neither the maximum sentences available to the court nor are they near the maximum sentences which could have been *551 imposed. Although defendant could have been sentenced to forty years at hard labor, the court ordered him to serve a mere one-tenth of that term. Thus, defendant obtained great lenience from the court. Defendant was a mature, healthy, intelligent person and was capable of working for a living at the time of the instant offenses. He engaged in a complicated scheme to defraud his elderly benefactor and other innocent victims. The sentences imposed are lawful. They are neither grossly disproportionate to the severity of the offenses nor shocking to the sense of justice. There is no showing of a manifest abuse of the district court’s broad discretion. Therefore, the ^sentences are not constitutionally excessive. The assigned errors are without merit.
We have examined the record for error patent but found none.
The convictions and sentences are affirmed.
AFFIRMED.

. The defendant was also placed on five years' supervised probation.