PEATROSS, J.
_JjAfter a jury trial, Defendant, Jennifer Parker, a/k/a Jennifer Smith, was found guilty of negligent homicide arising from a motor vehicle accident which caused the death of her passenger, Rhonda Waters. The trial court sentenced Defendant to five years of imprisonment at hard labor. After the first two and one-half years of the sentence have been served, the remaining two and one-half years would be suspended, with Defendant being placed on supervised probation for five years upon her *846 release. A fíne of $3,500 was also imposed. Numerous special conditions were attached to Defendant’s probation. Defendant now appeals the sentence imposed as excessive. For the following reasons, Defendant’s sentence is affirmed.
FACTS
On April 13, 2003, Defendant and the victim were riding in a Corvette driven by Defendant. Defendant and the victim were long time friends. In her statement to police after the accident, Defendant stated that she was driving and had stopped at a red light. According to Defendant, when the light turned green, a green pickup truck moved into her lane, and she swerved to avoid the impact. As a result, the car struck a utility pole before flipping over. Defendant also stated that she and the victim had been drinking during the day prior to the crash. Beer bottles were found at the crash scene, both inside of and near the Corvette. Defendant refused a voluntary blood test; and, pursuant to applicable statutes, Defendant’s blood was drawn as part of the investigation. The blood drawn from Defendant contained 0.10g% of ethyl alcohol.
li>Two witnesses who were near the scene of the accident informed the investigating officer that they were traveling on a motorcycle alongside the car driven by Defendant when they stopped at a red light. When the light turned green, the Corvette took off at a fast rate of speed traveling westbound. The witnesses turned northbound, and a couple of seconds later heard a vehicle crash. The witnesses turned around to see the Corvette upside down pointing east. Defendant and the victim were trapped in the vehicle. The witnesses called 9-1-1 and, along with other passersby, righted the flipped vehicle. The witnesses did not recall seeing a pickup truck near the Corvette as they were traveling, but did, after the accident, see an unknown male standing next to a pick-up truck parked on the side of the roadway. After Defendant was assisted from the vehicle, she was able to speak and identified herself and the victim to the witnesses; the unconscious victim was not removed from the vehicle. One witness noted that, at the time the vehicle was righted, it appeared that the victim’s neck was broken. The victim, who was not wearing a seatbelt, was transported to a local hospital and died as a result of the injuries sustained in the accident.
Defendant was charged with vehicular homicide and, after a jury trial, was convicted of the responsive offense of negligent homicide. A pre-sentence investigation was ordered; and, thereafter, Defendant was sentenced. A timely motion to reconsider sentence was denied by the trial court and the instant appeal followed.
UDISCUSSION
Defendant seeks review of the sentence imposed and argues that the maximum sentence and near maximum fine imposed by the trial court is excessive and that a lesser sentence and/or probated sentence would have been appropriate in this case. Defendant contends that the imposed sentence is nothing more than a needless and purposeless imposition of pain and suffering. The defense also contends that the trial court failed to properly consider the mitigating factors of the case. In particular, it argues that the sentence is excessive considering that Defendant has no prior criminal record, that Defendant’s blood alcohol level at the time of the offense was only at the legal limit and that a prolonged imprisonment would create a hardship for Defendant’s family. The State counters that the sentence imposed is not excessive.
*847 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long, as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full | ¿compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, 04-0834 (La.3/11/05), 896 So.2d 57 and 04-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State.v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 04-2606 (La.6/24/05), 904 So.2d 728.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,-111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385. The trial court is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of a manifest abuse of that discretion. , State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710. A trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not |Rdetermine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
The record clearly shows that the trial court considered the appropriate factors in determining Defendant’s sentences. In an on-the-record review of the pre-sentence investigation, the trial court reviewed the facts of the offense and Defendant’s background, including her family ties and the fact that she is a wife with three children, one of whom is autistic. Due to her care for her autistic daughter, the trial judge noted that Defendant is not employed outside of her home. It was also stated that Defendant had no other felony convictions, but did have one arrest after the instant offense for domestic battery. The charge was later dismissed. The trial court acknowledged that it considered the numerous letters and testimony received regarding the case. While not specifically stating all individual factors, the trial court noted that it considered all relevant aggravating and mitigating factors. The trial court was not required to give any factor a specific weight, as argued by Defendant. The record shows that the trial court was cognizant of and considered the appropriate factors in determining Defendant’s sentence. The trial court noted varying testimony and comments from both the family and friends of the victim, as well as the family and friends of Defendant. The *848 record supports the contention that the sentencing court reviewed the appropriate factors.
Second, a sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Woods, 41,420 (La.App.2d Cir.11/1/06), 942 So.2d 658, writs denied, 06-2768 (La.6/22/07), 959 So.2d 494 and 06-2781 (La.6/22/07), 959 So.2d 494; State v. Brisco, 33,179 (La.App.2d Cir.4/5/00), 756 So.2d 644, writ denied, 00-1478 (La.5/25/01), 792 So.2d 749; State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541.
A trial court is not required to render a suspended sentence or probation on a first (or qualifying second) felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Bradford, supra; State v. Woodman, 28,-004 (La.App.2d Cir.1/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.5/3/96), 672 So.2d 696. See also State v. Flores, 27,736 (La.App.2d Cir.2/28/96), 669 So.2d 646.
Defendant received a substantial benefit by the jury’s returning a responsive verdict in the case. Defendant’s potential sentencing exposure, | therefore, was reduced as a result. Despite Defendant’s contentions, we do not find constitutional error in imposition of the maximum sentence. Considering Defendant and the facts of this case, this sentence is appropriate to the circumstances of this case. Defendant, while a close friend of the victim, caused the death of the victim through her actions of drinking and driving. While Defendant was sentenced to the maximum sentence for the offense, half of the term of imprisonment was suspended; thus, Defendant’s actual incarceration would only amount to one-half of the maximum sentence.[1]
The sentence imposed in this instance is lawful and is neither grossly disproportionate to the severity of the offenses of conviction, nor shocking to our sense of justice. Despite all the remorse and outpouring of support for a more lenient sentence in this case, a life was lost in what appears to be an alcohol-related incident. There is no showing of an abuse of the *849 district court’s discretion in the imposition of this sentence.
CONCLUSION
For the reasons discussed above, the sentence of Defendant, Jennifer C. Parker, a/k/a Jennifer Smith, is affirmed.
AFFIRMED.

. One of the conditions of Defendant’s probation, which continues for five years post-release, requires that Defendant
shall report to jail and be incarcerated at Thanksgiving, Christmas, and the anniver-saiy date of the death of [the victim], April 13, each year of her probation. She shall report on the eve of those days, no later than 6:00 pm on the evening prior, and remain incarcerated to be released at 6:00 am the day after those days.
While we find this condition to be unorthodox and harsh on Defendant's children, when viewed in light of the possible length of actual incarceration she could have received-five years-we cannot say that the sentence, including the conditions, is excessive.