LOLLEY, J.
| Patrick Fitzgerald Pope (“Pope”) was convicted by the First Judicial District Court, Parish of Caddo, State of Louisiana, of one count of negligent homicide, in vio *602 lation of La. R.S. 14:32 and one count of felony theft, middle grade, in violation of La. R.S. 14:67(B)(2). Pope received a sentence of five years at hard labor for negligent homicide and two years at hard labor for felony theft, to run concurrently. This appeal followed.
FACTS
On April 25, 2007, Pope traveled to the home of his estranged wife, Allison Pope, in order to discuss a lost credit card. During their conversation, the two began to argue, Pope left the house, and walked toward his vehicle. Allison followed and began hitting Pope’s vehicle with a toy lawnmower. As Pope entered his vehicle, Allison began to grab and pull at him, at which point a .40 caliber handgun which he was carrying went off and struck Allison Pope in the head killing her. Pope screamed that it was an accident and left with the handgun. His 21-year-old daughter and 18-year-old son witnessed the shooting.
Pope was arrested and indicted for second degree murder. The charge was eventually reduced to manslaughter. While out on bond for the second degree murder charge, Pope was arrested and ultimately charged with felony theft, middle grade, in violation of R.S. 14:67(B)(2) for stealing an air conditioning unit from a home. Finally, pursuant to a plea agreement, Pope pled guilty to both negligent homicide and felony theft.
A sentencing hearing was held, and Pope sought home incarceration and a probated sentence. The trial court denied both motions and after ^discussing the factors enumerated in La. C. Cr. P. art. 894.1, sentenced Pope to 5 years hard labor for negligent homicide and 2 years hard labor for felony theft, middle grade, to run concurrently. Pope’s motion to reconsider sentence was denied. This appeal followed.
DISCUSSION
As Pope’s sole assignment of error, he argues that sentences of five and two years at hard labor, even run concurrently, are excessive. We disagree.
The test applied by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Washington, 46,913 (La.App.2d Cir.02/01/12), 86 So.3d 697. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.08/13/08), 989 So.2d 267, writ denied, 2008-2697 (La.09/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal [¡¡record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.08/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.05/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v.Moton, 46,607 (La.App.2d Cir.09/21/11), *603 73 So.3d 503, writ denied, 2011-2288 (La.03/30/12), 85 So.3d 113.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.01/15/02), 805 So.2d 166; State v. Walls, 47,006 (La.App.2d Cir.02/29/12), 86 So.3d 71.
Louisiana R.S. 14:32(0(1), which governs sentencing upon a conviction for negligent homicide, states:
Except as provided for in Paragraph (2) of this Subsection, whoever commits the crime of negligent homicide shall be imprisoned with or without hard labor for not more than five years, fined not more than five thousand dollars, or both.
Louisiana R.S. 14:67(B)(2), which governs sentencing upon a conviction for felony theft, middle grade states:
When the misappropriation or taking amounts to a value of five hundred dollars or more, but less than a value of one thousand five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than five years, or may be fined not more than two thousand dollars, or both.
LHere, the trial court adequately considered the criteria set forth in La. C. Cr. P. art. 894.1, and neither sentence was excessive. First, the record reflects that during Pope’s sentencing hearing, the trial court stated its consideration of the factors enumerated within La. C. Cr. P. art. 894.1. Specifically, as to the negligent homicide conviction, the trial court noted that it had read letters from both the defendant’s family and from the victim’s family. Further, the court noted that the crime involved the use of a firearm. Finally, the trial court stated that any lesser sentence than that given to Pope would deprecate the seriousness of the offense which Pope committed. As to the felony theft, this crime was committed while Pope was out on bond. Considering the seriousness of the convictions and Pope’s callous disregard for the law while on bond, the trial court’s sentences do not reflect a needless infliction of pain and do not shock the sense of justice.
CONCLUSION
For the foregoing reasons, the conviction and sentence of Patrick Fitzgerald Pope are affirmed.
AFFIRMED.