NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-240

STATE OF LOUISIANA

VERSUS

HENRY LAWRENCE LEGER
AKA HENRY LEGER

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. CR-81-401
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Billy Howard Ezell, Judges.

AFFIRMED.

**Keith A. Stutes**
**District Attorney**
**Fifteenth Judicial District Court**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Burleigh G. Doga**
**Assistant District Attorney**
**Kim R. Hayes**
**Assistant District Attorney**
**Fifteenth Judicial District Court**
**P.O. Box 288**
**Crowley, LA 70526**
**(337) 788-8831**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**John Clay Lejeune**
**P.O. Box 1919**
**Crowley, LA 70527**
**(337) 788-1505**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Henry Lawrence Leger**

**EZELL, Judge.**

On September 20, 2013, Defendant, Henry Leger, was charged by bill of indictment with the manslaughter of Edgar Belveal, in violation of La.R.S. 14:31. On October 26, 2015, Defendant pled no contest to a lesser charge of negligent homicide, in violation of La.R.S. 14:32. Having received a Presentence Investigation report (PSI), the trial court on January 28, 2016, sentenced Defendant to five years at hard labor, a maximum sentence, with credit for time served.

On February 8, 2016, Defendant filed a motion to reconsider sentence, arguing that his sentence was excessive because the trial court "failed to consider the health, the frailty of the defendant at the time that he was accosted in his home by the victim in the homicide. The failure to consider this factor makes the sentence in this cash [sic] unconstitutionally excess [sic], cruel and unusual." The trial court denied Defendant's motion to reconsider on February 10, 2016. Defendant now seeks review of his sentence.

## FACTS

During the January 28, 2016 sentencing hearing, the trial court described the facts of the case as follows:

> The witnesses described a brief scuffle between Henry Leger and the victim, Edgar Belveal. Mr. Leger retrieved a handgun from his bed and fired a shot at Belveal, striking him in the torso. Witnesses did not observe Belveal with any kind of weapon.
>
> . . . . I conclude as a matter-of-fact that Mr. Belveal was unarmed, and he didn't have a beer bottle in his hand.
>
> . . . .
>
> Ms. Baudoin didn't mention a continuation of the attack. She didn't mention the presence of a beer bottle. She didn't mention that Mr. Belveal was moving toward you in any way. In fact, her testimony was to the contrary, that he was being pulled away by Jackie. You escalated the situation by retrieving a gun and shooting Mr. Belveal who was unarmed.

I believe that your conduct as described by your witness, Ms. Baudoin, would support a manslaughter conviction, and that would expose you to 40 years – up to 40 years in a penitentiary.

. . . .

You escalated the situation by retrieving that gun, and you took a man's life. I believe that anything less than five years at hard labor would deprecate the seriousness of this offense, and I sentence you to five years at hard labor. I'll give you credit for any time that you've served on this charge.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENTS OF ERROR

Although Defendant raises two assignments of error, we will discuss them together as they present a single issue, namely whether or not the five-year maximum sentence received by Defendant was excessive.

Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Louisiana courts have laid out the following guidelines with regard to excessive sentence review:

Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958[, *cert. denied*, 96-6329, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

3

*State v. Soileau*, 13-770 pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261 (first alteration in original).

Defendant's motion to reconsider, filed on February 8, 2016, raised an excessive sentence claim based solely on the failure of the trial court "to consider the health, the frailty of the defendant at the time that he was accosted in his home by the victim in the homicide." Pursuant to La.Code Crim.P. art. 881.1(E), Defendant may not urge any new grounds upon which his motion to reconsider could have been based; accordingly, Defendant is barred from arguing that the trial court failed "to consider the multitude of aggravating and mitigating factors," argued in his second assignment of error. However, in light of this court's history of reviewing claims of excessiveness despite the absence of either a contemporaneous objection or a motion to reconsider, this court will consider a bare excessiveness review in addition to the trial court's failure to consider the Defendant's frailty. *See State v. Quinn*, 09-1382 (La.App. 3 Cir. 5/12/10), 38 So.3d 1102, *writ denied*, 10-1355 (La. 1/7/11), 52 So.3d 885; *State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, 562 U.S. 1150, 131 S.Ct. 932 (2011); *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127; *State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, *writ denied*, 09-1955 (La. 6/25/10), 38 So.3d 352; *State v. H.J.L.*, 08-823 (La.App. 3 Cir. 12/10/08), 999 So.2d 338, *writ denied*, 09-606 (La. 12/18/09), 23 So.3d 936.

Defendant was convicted of negligent homicide, which is defined by La.R.S. 14:32(A)(1), as "The killing of a human being by criminal negligence." Under La.R.S. 14:32(C)(1), "whoever commits the crime of negligent homicide shall be imprisoned with or without hard labor for not more than five years, fined not more

than five thousand dollars, or both." Accordingly, Defendant's sentence represents a maximum term of imprisonment, albeit without a fine. Although negligent homicide is not, by definition, a crime of violence, the particular set of facts in this case are violent in nature. As the trial court noted, the witnesses and the trial court did not believe Mr. Belveal's attack on Defendant was continuing, or that Mr. Belveal was armed, when Defendant drew his firearm and shot and killed Mr. Belveal.

Under *Lisotta*, 726 So.2d 57, this court should also consider the nature and background of Defendant. Accordingly, Defendant's claim that the trial court failed to consider his health and/or frailty is part and parcel of this court's standard bare excessiveness review.

Looking to the nature and background of Defendant, this court is faced with a man who at the time of the shooting was fifty-one years old and was on disability as a result of a 2002 automobile accident. Additionally, Defendant has a single prior felony conviction, that being a 1987 conviction for simple burglary. However, while Defendant focuses on his poor health and the fact that "[h]e ambulated with a cane," Defendant testified at his sentencing that he had mowed a yard the day of the shooting and that at the time of the shooting he cut yards to make extra money. Additionally, Defendant's fiancé at the time of the shooting, Ms. Baudoin, told police during a statement on the day of the shooting that Defendant had a "bad temper" and that he had been violent towards her previously.

Regarding imposition of a maximum sentence for negligent homicide, Louisiana courts have upheld a range of sentences from three to five years, although sometimes with suspended sentences and under considerably different

5

circumstances. Many cases involving negligent homicide involved vehicle accidents rather than shootings.

In *State v. Rogers*, 07-276 (La.App. 3 Cir. 10/3/07), 966 So.2d 1212, this court upheld a sentence of three-and-one-half-years imprisonment plus a $1,000.00 fine where the defendant crashed the vehicle he was driving while speeding, left the victim in the car burnt beyond recognition, hitchhiked to the victim's parent's house, and left the victim's young son on the porch before returning home and not reporting the accident. The court also cited its prior decision in *State v. Hughes*, 03-420 (La.App. 3 Cir. 12/31/03), 865 So.2d 853, *writ denied*, 04-663 (La. 9/24/04), 882 So.2d 1165, where it found a five-year sentence for negligent homicide to not be excessive where a first-time felony offender with four children attempted to commit suicide by driving into a head-on accident at high speed, but instead killed the driver of the other car.

Additionally, in *State v. Webre*, 09-351, pp. 3-4 (La.App. 3 Cir. 11/4/09), 21 So.3d 1154, 1156-57 (alterations in original), this court stated the following with regard to maximum sentences in general:

> In *State v. Burnaman*, 03-1647, p. 5 (La.App. 3 Cir. 5/12/04), 872 So.2d 637, 641, this court considered the appropriateness of the imposition of maximum sentences, explaining:
>
>> [M]aximum sentences are usually reserved for the most egregious and blameworthy of offenders. *State v. LeBlanc*, 578 So.2d 1036 (La.App. 3 Cir.1991), *writ denied*, 620 So.2d 833 (La.1993). In reviewing the imposition of a maximum sentence, the First Circuit has held:
>>
>>> This Court has stated that maximum sentences permitted under statute may be imposed only for the most serious offenses and the worst offenders, *State v. Easley*, 432 So.2d 910, 914 (La.App. 1 Cir.1983), or

6

> when the offender poses an unusual risk to the public safety due to his past conduct of repeated criminality. *See State v. Chaney*, 537 So.2d 313, 318 (La.App. 1 Cir.1988), *writ denied*, 541 So.2d 870 (La.1989). A trial court's reasons for imposing sentence, as required by La.Code Crim. P. art. 894.1, are an important aid to this court when reviewing a sentence alleged to be excessive. *State v. McKnight*, 98-1790 at p. 25, 739 So.2d [343] at 359 [(La.App. 1 Cir.1999)].
>
> *State v. Runyon*, [05-36, pp. 22-23 (La.App. 3 Cir. 11/2/05),] 916 So.2d [407,] 423-24[, writ denied, 06-1348 (La. 9/1/06), 936 So.2d 207].

*State v. Runyon*, 06-823, p. 12 (La.App. 3 Cir. 12/6/06), 944 So.2d 820, 830, *writ denied*, 07-49 (La. 9/21/07), 964 So.2d 330.

The defendant in *Webre* received a maximum sentence which was affirmed, but also had a criminal history including prior DWI and hit and run convictions and showed a lack of remorse.

In *State v. Parker*, 42,947 (La.App. 2 Cir. 1/30/08), 974 So.2d 844, the second circuit held a five-year sentence for negligent homicide was not excessive, although half of the sentence was suspended. The second circuit, in a case relatively similar to the present case, also upheld a maximum sentence for a negligent homicide involving a shooting in *State v. Pope*, 47,486, 47,487 (La.App. 2 Cir. 9/26/12), 106 So.3d 600. In *Pope*, the defendant was initially charged with second degree murder, amended down to manslaughter, before the defendant pled guilty to negligent homicide and an unrelated middle grade theft charge. The defendant in *Pope* shot his estranged wife during an argument that was witnessed by their twenty-one-year-old daughter and eighteen-year-old son.

Finally, this court recently upheld a maximum sentence for a negligent homicide conviction where the defendant, a first-offender charged with second

degree murder and attempted second degree murder, shot her boyfriend's brother while aiming the gun at someone standing behind him. *State v. Breaux*, 15-1004 (La.App. 3 Cir. 5/4/16) (unpublished opinion). There, this court reiterated the supreme court's directive that the relevant question on appeal is "'whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.'" *Id.* at p. 7 (quoting *Soileau*, 153 So.3d at 1005).

Looking at Defendant's sentence with the *Lisotta*, 726 So.2d 57, factors in mind, we cannot say that the trial court abused its discretion in giving Defendant a maximum sentence where the trial court accepted witness testimony that the victim was unarmed and was moving away from Defendant when Defendant retrieved a firearm and killed the victim. While Defendant contends that the trial court should have considered his health and frailty as a mitigating factor, we cannot say that single factor outweighs the trial court's findings such that it amounts to an abuse of the court's sentencing discretion, particularly given the trial court's statement that it "believe[d] that anything less than five years at hard labor would deprecate the seriousness of this offense."

### DECREE

Defendant's sentence and conviction are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.

8